**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Vena Paray,<br><br>Plaintiff,<br><br>-v-<br><br>Intuit<br><br>Defendant. | 2:25-cv-211<br>(NJC) (JMW) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff Vena Paray, proceeding pro se, filed this action against Intuit on January 3, 2025 (Compl., ECF No. 1.) The Third Amended Complaint brings employment discrimination claims under the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. §§ 12101–12213, alleging that Intuit failed to accommodate Paray's disability, failed to promote her, and terminated her employment on the basis of her disability. (Third Am. Compl. ("TAC"), ECF No. 30 at 4–5.)

Before the Court is Intuit's Motion to Dismiss the Third Amended Complaint with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). (*See* Mem. in Supp., ECF No. 34.) Intuit argues that Paray failed to timely exhaust her administrative remedies, which mandates dismissal of all claims in the Third Amended Complaint. In the alternative, Intuit contends that, should the Court find that Paray exhausted her administrative remedies, the Third Amended Complaint should be dismissed for failure to state any plausible ADA claim.

For the reasons explained below, Paray failed to exhaust her administrative remedies prior to filing her ADA claims. Moreover, notwithstanding her failure to exhaust, the Third Amended Complaint fails to state any plausible ADA claims. Accordingly, Intuit's motion is GRANTED, and the Third Amended Complaint is dismissed with prejudice.

## BACKGROUND

The Court accepts as true the factual allegations in the Third Amended Complaint and draws all reasonable inferences in Paray's favor for the purpose of resolving the Motion. *See Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012) (courts "accept[] as true factual allegations made in the complaint, and draw[] all reasonable inferences in favor of the plaintiffs"). Furthermore, in resolving a motion to dismiss, a court may consider documents that are attached or integral to the complaint or incorporated by reference in it, or that are otherwise the subject of judicial notice. *See Clark v. Hanley*, 89 F.4th 78, 93 (2d Cir. 2023).

### I. Initial Complaint

On January 3, 2025, Paray filed a Complaint using the Southern District of New York's form-complaint for employment discrimination claims. (Compl., ECF No. 1.) In her initial Complaint, Paray brought claims under the ADA, 42 U.S.C. §§ 12112–12117, alleging that Intuit failed to accommodate her disability, failed to promote her, and terminated her employment on the basis of her disability. (Compl. at 4.) The Complaint stated that the alleged discriminatory acts commenced on March 20, 2023, and were ongoing. (*Id*. at 4–5.) In the section of the form-complaint that provides space for plaintiffs to recall the facts of their cases, the Complaint alleged:

> I had a disability while I working and I needed to go to the hospital I was treated for a mental disorders I thought I can go back to work but they discriminated on me because I had schizophrenia. Please purchase an annuity for me because I cannot take this net. I deserve to be paid as a top earner because VHF Inc on my resume is rich in practice with

> their partner camfacture and so are there customers. I need a 4 million dollar settlement. I lost 2 opportunitie.

(*Id*. at 5.[1]) The Complaint further alleges that Paray filed a charge with the Equal Employment Commission ("EEOC") on November 21, 2024, and that the EEOC issued her a Notice of Right to Sue letter. The Notice of Right to Sue letter is not attached to the Complaint; rather, a Charge of Discrimination that Paray filed with the EEOC on October 2, 2024, which states that the last day on which the alleged discrimination took place was March 27, 2023, is appended at the end of the Complaint. (*Id*. at 8–10.)

## II. First Amended Complaint

On February 6, 2025, Paray filed an Amended Complaint, once again bringing employment discrimination claims against Intuit under the ADA. (Am. Compl., ECF No. 6.) The Amended Complaint alleges that Intuit provided Paray with terms and conditions of employment different from those of similar employees, failed to accommodate her disability, did not promote her, and terminated her employment. (*Id*. at 5.) The Amended Complaint additionally alleges

> They should've hired me for $37.5 per hour. But instead they gave me a disability and did not promote me. I should've been earning over 4 million and a 401k, if I was working. I'm not working because they discriminated on my disability and I need a 9 million dollar settlement for my disabilities, taxes, and education.

(*Id*.) The Amended Complaint also alleges that Paray filed a charge of discrimination with the EEOC and that the EEOC issued her a right to sue letter, but neither document is attached to the Amended Complaint. (*Id*. at 6.)

On March 21, 2025, Intuit filed a letter seeking a pre-motion conference in anticipation of filing a motion to dismiss the Amended Complaint for failure to state a claim under Rule

[1] Excerpts from the Complaint, Second Amended Complaint, and Third Amended Complaint have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

12(b)(6), Fed. R. Civ. P. (ECF No. 10.) Several days later, on March 24, 2025, the Court waived its pre-motion requirement and set a briefing schedule for Intuit's anticipated motion to dismiss. (Elec. Order, Mar. 24, 2025.) Intuit served its motion to dismiss the Amended Complaint on Paray on April 21, 2025, and filed proof of service on the docket. (ECF No. 17.) Rather than opposing Intuit's motion, Paray filed a Second Amended Complaint on May 16, 2025. (ECF No. 23.)

**III. Second Amended Complaint**

Similar to the original Complaint and the Amended Complaint, the Second Amended Complaint brought employment discrimination claims under the ADA, alleging that Intuit did not accommodate Paray's disability, did not promote her on the basis of her disability, and terminated her employment on the basis of her disability. (Sec. Am. Compl., ECF No. 23.) The Second Amended Complaint further alleged:

> When I (Paray) was working from home on the computer, I had depression because I was being paid $20 an hour. They were (Intuit) paying me a low salary and showing me slides of my former employer in an animation they created. This gave me a disability called schizophrenia and I left to the hospital. I came out of the hospital and spoke to manager Thomas Hale. Than he discriminated on my disability because I was still having a mental episode. I need a relief now for 40 million dollars.

(*Id*. at 5.) The Second Amended Complaint also alleged that Paray filed a charge of discrimination against Intuit with the EEOC on November 21, 2024, but did not include a copy of the purported charge of discrimination. (*Id*. at 6.)

Thereafter, Intuit filed a letter seeking a pre-motion conference in anticipation of a motion to dismiss the Second Amended Complaint on May 30, 2025. (ECF No. 25.) The Court once again waived its pre-motion conference requirement and set a briefing schedule on the motion. On June 6, 2025, Paray filed a further amended complaint ("proposed Amended Complaint"). (ECF No. 26.)

On June 26, 2026, the Court noted that "Paray has already exercised her right to amend her pleading once as a matter of course," and had filed a proposed Third Amended Complaint without seeking leave of the Court to amend. (Elec. Order, Jun. 26, 2025.) As a result, the Court struck the June 6, 2025 proposed Amended Complaint and set a July 11, 2025, deadline by which Paray was required to either inform the Court that she intends to proceed with the Second Amended Complaint or seek leave to file a third amended complaint. (*Id.*)

Paray filed a letter requesting leave to file a third amended complaint on July 10, 2025. (ECF No. 29.) The Court granted Paray's request on July 12, 2025, and ordered Paray to file the amended pleading by August 1, 2025. (Elec. Order, Jul. 12, 2025.)

**IV. Third Amended Complaint and Intuit's Motion to Dismiss**

Paray filed her Third Amended Complaint on July 23, 2025. (Third Am. Compl., ECF No. 30.) The Third Amended Complaint again brings employment discrimination claims under the ADA, challenging alleged failures to accommodate Paray's disability and to promote her to another role and the alleged discriminatory termination of her employment. (*Id.* at 5.) It further alleges:

> While I was working from home I was being $20 an hour and it underpaid and giving me schizophrenia. I had a disability about the company I worked for prior, I needed a disability accommodation and more salary. I went to the hospital and I have medical records. I called back HR and they don't promote me. They discriminate on my schizophrenia that I need a career. I got well and there is no where else to work with my degree.

(*Id.*) The Third Amended Complaint also alleges that Paray filed a charge of discrimination against Intuit and received a Notice of Right to Sue from the EEOC, but neither a charge of discrimination nor a Notice of Right to Sue are appended to the Third Amended Complaint. (*Id.*) For relief, the Third Amended Complaint seeks:

> 4 billion dollars because I can't work anywhere else I need to help the corporation I worked for on my resume in order to keep Intuit paid by a CPA firm in Long Island. The schizophrenia makes me talk to myself once a week about them firing me and having right payroll. The last corporation I worked for fired me and stole my accounting money. I need a relief from Intuit. My hospital records are for a disability.

(*Id*. at 7.)

Intuit filed a letter seeking a conference concerning its anticipated motion to dismiss the Third Amended Complaint on August 6, 2025. (ECF No. 31.) The Court waived its pre-motion conference requirement and set a briefing schedule on Intuit's anticipated motion. (Elec. Order, Aug. 11, 2025.) Intuit filed its Motion to Dismiss the Third Amended Complaint (the "Motion") on September 8, 2025. (Mot. to Dismiss, ECF No. 33; Mem. ISO Mot. to Dismiss ("Mot."), ECF No. 34.) In addition to the Motion, Intuit also filed a request that the Court take judicial notice of the following documents, pursuant to Rule 201 of the Federal Rules of Evidence (ECF No. 35):

(1) Paray's May 28, 2024 New York State Division of Human Rights Complaint, Case No. 10237255 (("NYSDHR Compl."), ECF No. 35-1);

(2) New York State Division of Human Rights' June 18, 2024 dismissal of Paray's Complaint (("NYSDHR Dismissal"), ECF No. 35-2); and

(3) the EEOC's November 13, 2024 dismissal of Paray's charge of discrimination, Charge No. 520-2024-08058 (("EEOC Dismissal"), ECF No. 35-3).

Paray filed an opposition to the Motion on September 24, 2025, which read, in its entirety:

> I had a disability however I do not want intuit in prison for it. Please celebrate with me and help me win a settlement. I need a billion dollars. Please tell the defendant I would like to go shopping with him for a condo and clothing. I also want to work for vhf inc and finish up my salary.

(Ltr. ("Opp."), ECF No. 37.) Intuit filed a reply shortly thereafter, on October 15, 2025. (ECF No. 38.) Accordingly, the Motion is fully briefed and ripe for this Court's consideration.

## LEGAL STANDARDS

This Court is required to construe pleadings "filed by pro se litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (quotation marks omitted). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), quotation marks omitted).

Nevertheless, to avoid dismissal under Rule 12(b)(6), a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Cardinal Motors, Inc. v. H&H Sports Prot. USA Inc.*, 128 F.4th 112, 120 (2d Cir. 2025) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In determining whether a claim is sufficiently plausible to withstand dismissal under Rule 12(b)(6), a court "accept[s] all factual allegations in the complaint as true" and "draw[s] all reasonable inferences in the plaintiff's favor." *Herrera v. Comme des Garcons, Ltd.,* 84 F.4th 110, 113 (2d Cir. 2023). However, a court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Melendez v. Sirius XM Radio, Inc*., 50 F.4th 294, 307 (2d Cir. 2022). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*.; *accord Schiebel v. Schoharie Cent. Sch. Dist*., 120 F.4th 1082, 1106 (2d Cir. 2024). While "detailed factual allegations" are not required, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Id*.

## DISCUSSION

### I. Paray Failed to Timely Exhaust the Available Administrative Remedies

Prior to bringing an employment discrimination claim under the ADA, a plaintiff must first exhaust the available administrative remedies. 42 U.S.C. § 12117 (incorporating by reference the exhaustion requirements under the Title VII of the Civil Rights Act of 1964); *see also Soules v. Connecticut, Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 57 (2d Cir. 2018) ("Ordinarily, a plaintiff seeking to bring a claim pursuant to the Americans with Disability Act . . . must exhaust administrative remedies through the EEOC or [state administrative agency]."); *Roy v. Buffalo Philharmonic Orchestra*, 684 F. App'x 22, 23 (2d Cir. 2017) ("A plaintiff raising an ADA claim of discrimination must exhaust all administrative remedies by filing an EEOC charge within 300 days of the alleged discriminatory conduct.") (citing *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325 (2d Cir. 1999)). "In New York, a charge must be filed with the EEOC within 300 days of the alleged discrimination." *Hogans v. Dell Mags./Penny Press*, 372 F. App'x 148, 149 (2d Cir. 2010) (citing 42 U.S.C. § 2000e-5(e); 29 U.S.C. § 626(d); *Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 712 (2d Cir.1996)).

Exhaustion may be accomplished through the filing of a charge with the EEOC or with the New York State Division of Human Rights. *See Soules*, 882 F.3d at 57 (2d Cir. 2018). Indeed, "unless the plaintiff first files an EEOC or [New York State Division of Human Rights] administrative charge within 300 days" of the adverse employment action, the "federal employment discrimination claim is time barred." *Dossous v. New York City Health & Hosps. Corp.*, No. 19-cv-3098, 2023 WL 4305021, at *6 (E.D.N.Y. June 30, 2023). The administrative exhaustion requirement "functions as a statute of limitations that bars a plaintiff's claims if an administrative claim is not timely filed." *Kirk v. Mount Vernon City Sch. Dist.*, No. 23-cv-7441,

2024 WL 3794591, at *4 (S.D.N.Y. Aug. 13, 2024). The exhaustion requirement applies equally to counseled litigants and pro se litigants. *See id*.; *cf. Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 384 (2d Cir. 2015) ("The administrative exhaustion requirement [under Title VII] applies to pro se and counseled plaintiffs alike.")

Although a plaintiff's failure to exhaust administrative remedies is typically raised as an affirmative defense, the Court may dismiss a complaint for failure to exhaust "if it is clear from the face of the complaint that a plaintiff has not exhausted their remedies." *Arnold v. Rsch. Found. for State Univ. of N.Y.*, 216 F. Supp. 3d 275, 287 (E.D.N.Y. 2016); *see also Oparaji v. Teachers' Ret. Sys. of City of New York*, No. 23-cv-5212, 2024 WL 3046120, at *6 (S.D.N.Y. June 18, 2024) (dismissing claims where the plaintiff did not allege that he "filed timely charges with the EEOC" prior to initiating the lawsuit); *Wood v. ViacomCBS/Paramount*, No. 22-cv-6323, 2025 WL 1237377 at *4 (S.D.N.Y. Apr. 29, 2025) (stating that because "Plaintiff failed to administratively exhaust his [ADA] claim . . . dismissal of [the] claim would be warranted on that basis alone").

Although each of the Southern District of New York forms on which Paray filed her Complaint and Amended Complaints instructed Paray to attach her EEOC Charge of Discrimination and Notice of Right to Sue documents, the only EEOC Charge of Discrimination that Paray placed in the record is attached to her initial Complaint. (*See* Compl. at 8–10.) "[A]n amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Neurological Surgery Prac. of Long Island, PLLC v. United States Dep't of Health & Hum. Servs.*, 145 F.4th 212, 225 (2d Cir. 2025). However, a court may "consider the original and amended complaints" where a plaintiff is proceeding pro se in an effort to liberally construe pro se pleadings. *Gibson v. Trust. Of Columbia Univ. in City of New* York, No. 25-cv-3156, 2026 WL

114861, at *6 (S.D.N.Y. Jan. 15, 2026); *see also Jarvois v. Ferrara*, No. 18-cv-3997, 2020 WL 6585701, at *1 (S.D.N.Y. Nov. 9, 2020) (recognizing that in the context of a pro se litigant, a court may "consider facts from the [p]laintiff's [previous complaint] that have not been repeated in the [amended complaint]"); *Galea v. L. Offs. of Cary Alan Cliff*, No. 3:19-cv-225, 2021 WL 1090783, at *1 (D. Conn. Mar. 22, 2021) ("Although an amended complaint replaces rather than supplements an original complaint, a court must liberally construe the pleadings where a plaintiff proceeds pro se and may look to relevant factual allegations *or exhibits* attached to the original complaint in doing so.") (emphasis added). Furthermore, the Court may consider documents that are attached or integral to the complaint or incorporated by reference in it, or otherwise are the subject of judicial notice. *See Clark*, 89 F.4th 78, 93 (2d Cir. 2023).

Accordingly, this Court liberally construes Paray's pleadings to include not just the Third Amended Complaint, but also allegations set forth in the Complaint, Amended Complaint and Second Amended Complaint pertaining to the failure to accommodate, failure to promote and discriminatory termination claims that are absent from the Third Amended Complaint. *See Gibson*, 2026 WL 114861, at *6. This Court also considers the EEOC Charge of Discrimination attached to the original Complaint both in an effort to liberally construe the pleadings in light of Paray's pro se status and because this document is integral to the Third Amended Complaint.

Further, the Court takes judicial notice of the New York State Division of Human Rights Complaint filed by Paray (ECF No. 35-1) and the New York State Division of Human Rights Order of Dismissal (ECF No. 35-2), as both documents are public records of which a court may properly take judicial notice. *See Lia v. Saporito*, 909 F.Supp.2d 149, 161 (E.D.N.Y. 2012) ("Agency determinations and administrative findings are public records of which a court may properly take judicial notice."); *Jacob v. Lorenz*, 626 F. Supp. 3d 672, 684 (S.D.N.Y. 2022)

("Courts may also take judicial notice of and consider documents in the administrative record of a state agency proceeding.").

Here, the Third Amended Complaint must be dismissed because it is clear from the pleadings, liberally construed, and the EEOC Charge of Discrimination that Paray did not timely exhaust her administrative remedies prior to initiating this lawsuit. The Third Amended Complaint challenges Intuit's alleged failure to provide Paray with accommodations for her disability, failure to promote her, and its termination of Paray's employment on the basis of her disability. (Third Am. Compl. at 4–5.) However, the allegations—including those set forth in Paray's original Complaint, her subsequent Amended Complaints, and the New York State Division of Human Rights Complaint and Order of Dismissal—do not indicate when the alleged failure to provide accommodations, failure to promote, and termination of employment took place.

The Third Amended Complaint does not allege the dates or even general timeframes when the challenged conduct took place. (*See* Third Am. Compl.) The Second Amended Complaint also does not specify when the challenged conduct took place; rather, it alleges that Paray filed a Charge of Discrimination with the EEOC against Intuit on November 21, 2024, but does not attach that document as noted above. (*See* Sec. Am. Compl. ECF No. 23.) Similarly, the First Amended Complaint fails to specify when any of the challenged conduct took place and also neglects to include any Charge of Discrimination filed with the EEOC or Notice of Right to Sue from the EEOC, despite the allegation that Paray filed the Charge of Discrimination and received the Notice of Right to Sue letter. (*See* First Am. Compl., ECF No. 6.) The initial Complaint alleges that "the alleges discriminatory act(s)" took place on March 20, 2023, but does not identify which specific action occurred on that day—whether Intuit's failure to provide

disability accommodations, failure to promote Paray, or the termination of her employment. (Compl. at 4.) The Charge of Discrimination filed with the EEOC alleges that the earliest and latest date on which any challenged conduct took place was March 27, 2023. (*Id*. at 8.) Finally, the New York State Division of Human Rights Complaint Form, which Paray filed on May 28, 2024, alleges that Intuit unlawfully fired her on the basis of her disability on March 20, 2023. (*See* NYSDHR Compl.)

Therefore, applying a liberal construction of the pleadings along with consideration of Paray's New York State Division of Human Rights Complaint, Paray alleges that Intuit unlawfully terminated her employment on either March 20, 2023 or March 27, 2023. It logically follows then that Intuit's failure to provide Paray with disability accommodations and failure to promote her must have occurred on some date prior to the termination of her employment.

Accordingly, the Third Amended Complaint alleges that the latest act challenged through Paray's ADA claims occurred on March 27, 2023. However, Paray did not file the Charge of Discrimination with the EEOC until October 2, 2024—555 days *after* the alleged termination of her employment, and 255 days after the 300-day deadline by which Paray needed to have filed the Charge of Discrimination in order to have an actionable ADA claim to challenge the discriminatory termination of her employment. Compl. at 8–10; *see Hogans*, 372 F. App'x at 149 (2d Cir. 2010) ("In New York, a charge must be filed with the EEOC within 300 days of the alleged discrimination."). Further, it was not until May 28, 2024 that Paray filed a complaint with the New York State Division of Human Rights alleging that her employment with Intuit was unlawfully terminated 435 days earlier, on March 20, 2023. (*See* NYSDHR Compl.) Consequently, the New York State Division of Human Rights dismissed Paray's complaint as

untimely because "it was not filed with the Division within one year after the alleged unlawful discriminatory practice," as required by law. (NYSDHR Dismissal.)

As a result, assuming that the final alleged act of discrimination that Paray is challenging occurred on March 27, 2023, all of the Third Amended Complaint's claims alleging employment discrimination under the ADA are time-barred and dismissed with prejudice for failure to exhaust because Paray did not file her EEOC Charge of Discrimination within 300 days of the alleged adverse action and did not timely exhaust state administrative remedies. *See Dossous*, No. 19-cv-3098, 2023 WL 4305021, at *7 ("Plaintiff did not file discrimination charges with the NYSDHR or EEOC within three hundred days of these events . . . . Thus, Plaintiff fails to demonstrate that he exhausted his administrative remedies with record to these claims."); *Atherley v. New York City Dep't of Educ.*, No. 23-cv-383, 2024 WL 1345741, at *9 (S.D.N.Y. Mar. 29, 2024) ("Because Plaintiff did not file an EEOC Charge until [864 days after the alleged discriminatory act], her ADA claim is time-barred."); *Burns v. Cook*, 458 F. Supp. 2d 29, 44 (N.D.N.Y. 2006) ("Because plaintiff did not file a charge of discrimination with the EEOC until . . . more than 300 days after the alleged act of discrimination took place, her ADA claim must be dismissed as untimely.").

## II. The Third Amended Complaint Fails to State Plausible ADA Claims

Even if Paray had timely filed a charge of discrimination with the EEOC and exhausted state administrative remedies, the Third Amended Complaint still warrants dismissal because it fails to allege a prima facie case of employment discrimination under the ADA. Specifically, the Third Amended Complaint lacks allegations demonstrating that Paray has a disability that impairs her ability to participate in the major life event of working.

Title I of the ADA prohibits employers from discriminating against "qualified individual[s] on the basis of disability" in compensation, training, promoting, hiring, discharging or generally in any "other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a); *see also Stanley v. City of Sanford*, 606 U.S. 46, 51 (2025) (holding that the ADA makes it "unlawful for a covered employer to discriminate against a qualified individual on the basis of disability"). Section 12111(2) of the ADA defines a "covered entity" to include "an employer, employment agency, labor organization, or joint labor-management committee." An "employer" is defined as "a person engaged in an industry affecting commerce who has 15 or more employees . . . and any agent of such person." *Id*. § 12111(5)(A); *see also Yerdon v. Poitras*, 120 F.4th 1150, 1156 (2d Cir. 2024) (defining "covered entity" and "employer" in reference to the statute). Accordingly, "Title I does not permit suits against individual employees." *Yerdon*, 120 F.4th at 1157.

A plaintiff can establish a prima facie case of disability discrimination under the ADA at the motion to dismiss stage by showing "(1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or is perceived to be so by her employer; (3) [plaintiff] was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation[s]; (4) [plaintiff] suffered an adverse employment action; and that (5) the adverse [employment] action was imposed because of [plaintiff's] disability." *Davis v. New York City Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015). A plaintiff's burden at this stage is "minimal." *Banks v. Gen. Motors, LLC*, 81 F.4th 242, 270 (2d Cir. 2023); *see also Kelleher v. Fred A. Cook, Inc.*, 939 F.3d 465, 468 (2d Cir. 2019) ("[A] plaintiff's burden to establish an initial prima facie case is, by design, 'minimal and de minimis.'") (quoting *Woodman v. WWOR–TV, Inc.*, 411 F.3d 69, 76 (2d Cir. 2005).

As a preliminary matter, Intuit does not contest that they are an employer subject to the ADA. (*See* Mot. at 8–11.) Accordingly, the Court assumes for the purpose of resolving this motion that Intuit is, in fact, an employer subject to the ADA. *Davis v. New York City Hous. Auth.*, 379 F. Supp. 3d 237, 256 (S.D.N.Y. 2019) ("As this is Defendants' motion to dismiss, the Court declines to construct arguments that they have not raised themselves."); *Vasquez v. N.Y.C. Dep't of Educ.*, No. 11-cv-3674, 2015 WL 3619432, at *14 (S.D.N.Y. June 10, 2015) ("Courts generally deem an argument waived or abandoned if a party fails to make it.").

However, the Court finds that the Third Amended Complaint does not plausibly allege that Paray has a qualifying disability under the ADA. The ADA defines a disability as a "physical or mental impairment that substantially limits one or more major life activities" of an individual. 42 U.S.C. § 12102(1)(A). Major life activities include, but are not limited to

> caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.

*Id*. § 12102(2)(A). In 2008, Congress passed the ADA Amendments Act (the "ADAAA") Pub. L. No. 110-325, 122 Stat. 3553, "which broadened the definition of 'disability' under the ADA." *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 92 (2d Cir. 2021). Pursuant to the ADAAA's amendments, the term "substantially limits" must be "construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA," and it is "not meant to be a demanding standard." *Id*. (citing 28 C.F.R. § 35.108(d)(1)(i)). Further, since the enactment of the ADAAA, the Second Circuit has held that an impairment "substantially limits a major life activity if the impaired person is significantly restricted as to the condition, manner or duration under which she can perform the activity." *Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62, 68 (2d Cir. 2014). With respect to the specific major life activity of working, "an impairment

does not rise to the level of a 'disability' if it only impairs the employee's ability to perform his or her *current* job." *Woolf v. Strada*, 949 F.3d 89, 95 (2d Cir. 2020) (emphasis added). Rather, "a plaintiff alleging a work-related disability must show that his [or her] condition precludes him [or her] from working in a *class or broad range of jobs*." *Id*. (emphasis in original).

Here, the Third Amended Complaint fails to plausibly allege that Paray has a disability under the ADA because it entirely lacks any allegations demonstrating that her schizophrenia substantially impairs her ability to work in a class or broad range of jobs. In fact, the Third Amended Complaint lacks any allegations regarding her job duties, her disability, and how her disability impacted her performance to carry out her job duties. Instead, it simply includes conclusory allegations that Intuit "discriminate on my schizophrenia that I need a career," and that Paray "had a disability about the company [she] worked for" and she "needed a disability accommodation and more salary." (Third Am. Compl. at 4.) Although the Third Amended Complaint alleges that Paray suffers from schizophrenia, a medical diagnosis on its own "does not automatically equate to having a disability as defined under the ADA." *Schleuderer v. Town of Woodstock*, No. 1:25-cv-155, 2025 WL 2710761, at *4 (N.D.N.Y. Sept. 23, 2025) (dismissing ADA claims where plaintiff alleges he has Parkinson's disease but does not explain how his condition impairs his ability to work); *Stevens v. City of Oneonta*, No. 6:21-cv-1258, 2024 WL 3595565, at *13 (N.D.N.Y. July 31, 2024) ("Having a diagnosed disability does not automatically equate to having a 'disability' as defined under the ADA."), *aff'd*, No. 24-2334, 2025 WL 1466186 (2d Cir. May 22, 2025).

Furthermore, even if the Third Amended Complaint is liberally construed to include all missing allegations set forth in prior complaints in this action and plausibly alleges that Paray's schizophrenia impairs her ability to work, there are no allegations plausibly alleging that Intuit

denied her a promotion or terminated her employment in circumstances supporting an inference of disability discrimination or that Paray's disability of schizophrenia was the but for cause of such any such decisions. Rather, the allegations are wholly conclusory. Absent any non-conclusory allegations, the Third Amended Complaint fails to plausibly allege that any failure to promote or termination of employment took place in a context giving rise to an inference of disability discrimination as required to make a prima facie case of disability discrimination and that Paray's disability of schizophrenia was the but for cause of either alleged adverse action as required for the claims to survive a Rule 12(b)(6) motion. *See Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015) ("In order to establish a prima facie case of employment discrimination under the ADA . . . a plaintiff must adequately plead that he was terminated *because* of a qualifying disability." (emphasis added)); *Freckleton v. Mercy Coll. NY*, No. 22-cv-1985, 2023 WL 2648827, at *10 (S.D.N.Y. Mar. 27, 2023) (dismissing disability discrimination claim where the plaintiff "provide[d] no factual support for any alleged discriminatory animus on the basis of her disability," such as "discriminatory comments regarding her disability," "indirect evidence of discrimination by identifying any comparators whose treatment would support an inference of discrimination"), *aff'd*, No. 25-832-cv, 2026 WL 1210032 (2d Cir. May 4, 2026) (summary order) (affirming dismissal of disability discrimination claims "because the pleadings fail to allege any particular facts giving rise to an 'inference of discrimination'" as required to state a prima facie case) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015)); *Tompkins v. Loc. 32BJ, SEIU*, No. 11-cv-414, 2012 WL 1267876, at *9 (S.D.N.Y. Apr. 12, 2012) ("Moreover, plaintiff does not allege that she suffered any adverse employment action *because* of her disability or provide any facts that plausibly suggest discriminatory animus related to a disability. Accordingly, plaintiff's claims that she suffered discrimination as a result of a

disability fail.") (emphasis added); *Dixon v. City of New York*, No. 23-cv-8941, 2025 WL 50140, at *6 (S.D.N.Y. Jan. 7, 2025) ("Although the plaintiff has alleged plausibly that she is disabled under the ADA, she has not pleaded a discrimination claim pursuant to an adverse employment action theory because she has failed to plead plausibly that she suffered an adverse employment action *because* of her disability.") (emphasis added).

Similarly, none of the factual allegations of the Third Amended Complaint make out a prima facie case that Intuit failed to provide reasonable accommodations for Paray's disability of schizophrenia. The ADA prohibits an employer from "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an . . . employee . . . ." 42 U.S.C. § 12112(b)(5)(A); *see also Tudor v. Whitehall Cent. Sch. Dist.*, 132 F.4th 242, 246 (2d Cir. 2025). "A plaintiff states a prima facie failure to accommodate claim by demonstrating that (1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *McMillan v. City of New York*, 711 F.3d 120, 125–26 (2d Cir. 2013).

Here, even assuming that Paray is an individual with a disability under the ADA and that Intuit is an employer covered by the ADA and has notice of Paray's disability, the Third Amended Complaint, liberally construed to include allegations from prior pleadings as well as documents of which this Court took judicial notice, does not plausibly plead that Paray was qualified to perform the essential functions of her job, with or without a disability, or that Intuit failed to provide any reasonable accommodations. In fact, the Third Amended Complaint does not include any description of Paray's job functions and responsibilities at Intuit, any specific

accommodation that she requested in order to perform her job, how any such accommodations would allow her to perform her job, or when or how Intuit denied any such requests for reasonable accommodations. (*See* Third Am. Compl.) Absent such allegations, the Third Amended Complaint fails to make out a prima facie case as required to plead a plausible ADA failure-to-accommodate claim. *See Lewis v. R.L. Vallee, Inc.*, No. 24-1438, 2025 WL 1077412, at *2 (2d Cir. Apr. 10, 2025) (summary order) (affirming district court's dismissal of plaintiff's failure-to-accommodate claim because "the complaint does not explain what specific accommodation he sought, how that accommodation would have allowed him to perform essential job functions, or how [defendant] denied him such an accommodation"); *Stanley v. Phelon*, No. 23-731-cv, 2024 WL 1453872, at *5 (2d Cir. Apr. 4, 2024) (affirming dismissal of failure-to-accommodate claim where the complaint "fails to allege that [plaintiff] could perform his job with his requested accommodation" and "does not describe the particulars of [plaintiff]'s responsibilities" at his place of employment); *Charles v. City of New York*, No. 25-cv-6219, 2026 WL 698634, at *3 (E.D.N.Y. Mar. 12, 2026) ("[P]laintiff's failure-to-accommodate claim fails because she does not identify the essential functions of her job or the accommodation she requested, nor does she plausibly allege that whatever accommodation she *did* request would have allowed her to perform those essential functions.") (emphasis in original).

For all of these reasons, the Third Amended Complaint fails to bring plausible ADA claims for failure to accommodate, failure to promote, and discriminatory termination. All claims in the Third Amended Complaint are therefore dismissed under Rule 12(b)(6).

## III. Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo*

*v. City. of New York*, 579 F.3d 176, 183 (2d Cir. 2009). However, leave to amend is properly denied where amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (where amendment would be "futile," leave to amend the complaint should be denied). Similarly, "where the Court has put Plaintiff on notice of the deficiencies in his original complaint and given him an opportunity to correct these deficiencies in an Amended Complaint, but Plaintiff has failed to do so, dismissal with prejudice is appropriate." *Harrison v. Traylor*, No. 17-cv-6678, 2022 WL 580773 at *6 (S.D.N.Y. Feb. 25, 2022) (quoting *Coon v. Benson*, No. 09-cv-230, 2010 WL 769226 (S.D.N.Y. Mar. 8, 2010)).

Here, the Court dismisses the Third Amended Complaint with prejudice because any amendment to the pleadings would be futile, as Paray's failure to timely exhaust her administrative remedies cannot be cured. *See Ruderman v. Liberty Mut. Grp., Inc.*, No. 21-817, 2022 WL 244086, at *4 (2d Cir. Jan. 27, 2022) (holding that "the district court properly denied leave to amend because [plaintiff] failed to exhaust her administrative remedies"); *Constantini v. Hartford Life & Accident Ins. Co.*, No. 21-cv-6826, 2022 WL 1910137, at *3 (S.D.N.Y. June 3, 2022) ("Any further amendment would be futile because Plaintiff admits she has not exhausted administrative remedies, and the time to do so has passed."

## CONCLUSION

For the reasons stated above, Intuit's Motion to Dismiss the Third Amended Complaint (ECF No. 33) is granted, and the Third Amended Complaint is dismissed with prejudice without leave to amend under Rule 12(b)(6). The Clerk of the Court shall mail a copy of this Order to Paray at her address of record and shall note such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
September 18, 2026

*/s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge